IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARYLAND CASUALTY            :
COMPANY,                     :
                             :
            Plaintiff,       :
                             :
v.                           :        CIVIL ACTION FILE
                             :        NO. 1:14-cv-00160-MHC
JACOB WARD, MD, LLC,         :
JACOB TUCKER WARD, MD and    :
AUDRA GARZON,                :
                             :
            Defendants.      :

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO MOTION FOR SUMMARY JUDGMENT

### I.      INTRODUCTION

Defendants Jacob Ward, MD, LLC ("Ward, LLC") and Jacob Tucker Ward, MD

("Ward") do not dispute that they waited almost 2-years before providing Plaintiff

Maryland Casualty Company ("MCC") with notice of Defendant Audra Garzon's

("Garzon") allegations that Ward touched her in a sexually inappropriate manner

during a May 12, 2011 medical examination at Ward, LLC (the "Medical Exam")

or any of the events that followed (collectively, the "Notice Events").[1] Rather, De-

---

[1] As set forth in MCC's original brief, the "Notice Events" include (1) Garzon's
contact with the police concerning the Medical Exam; (2) Ward's May 24, 2011
interview with the police; (3) Ward's May 27, 2011 interview with the police; (4)

fendants claim that Ward and Ward, LLC could not have foreseen Garzon's civil suit (the "Underlying Lawsuit") based on the Medical Exam. Not only do Defendants' arguments defy common sense, but, under Georgia law, Ward and Ward, LLC were obligated to timely report all of the Notice Events to MCC. Their failure to do so is a breach of the Policy's notice condition as a matter of law.

Moreover, Defendants have failed to carry their burden to prove that the Underlying Lawsuit comes within the Policy's insuring agreement. Defendants attempt to explain that the Underlying Lawsuit asserts various claims that come within the Policy's insuring agreement; however, Defendants' conclusory arguments ignore the fact that the Underlying Lawsuit is based upon significant intentional, criminal conduct. Further, Defendants make the same conclusory arguments that the Expected or Intended Injury Exclusion and Professional Services Exclusion do not apply; however, Defendants' arguments do not address the points raised by MCC's motion and do not cite any authority in support. Finally, Defendants argue that Ward is an insured because he was a member, manager, and employee of Ward, LLC; however, they do not address how Ward's sexual battery of Garzon was done

Ward's written statements to the police; (5) the Georgia Composite Medical Board's (the "Board") July 2011 order for a mental/physical examination; (6) the October 20, 2011 search warrants served on Ward, LLC; (7) Ward's January 2012 surrender to the law enforcement; (8) Ward's April 4, 2012 arraignment; (9) the July 9, 2012 Accusation against Ward; and (10) the Board's July 12, 2012 Public Consent Order. (Doc. 48-1 pp. 14-15.)

with respect to Ward's duties as a member, manager, and employee of Ward, LLC.

Therefore, MCC requests that this Court grant summary judgment that MCC has no duty to defend or indemnify Ward and Ward, LLC for the Underlying Lawsuit or any claims arising out of the Medical Exam.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. *Defendants Have Not Carried Their Burden to Prove Compliance with the Policy's Notice Condition.*

Under Georgia law, Defendants have the burden to prove they complied with the Policy's notice condition. *DeBord v. Peoples Ben. Life Ins. Co.*, 565 F. Supp. 2d 1350, 1354 (N.D. Ga. 2008) (when a party's recovery under a policy "depends on a condition precedent . . . he must allege, and prove the performance of such condition precedent . . . ."). Defendants have failed to carry their burden because they do not dispute that Ward and Ward, LLC waited almost 2-years to notify MCC of the Notice Events. Georgia courts routinely hold that lesser time periods breach a notice condition as a matter of law. (*See* Doc. 48-1 p. 16 (citing cases).)

Defendants' assertion that Ward and Ward, LLC's failure to provide timely notice is excused because they could not have reasonably foreseen that a civil claim would develop from Garzon's allegations concerning the Medical Exam has no basis in law or fact.

Here, the Policy provides that Ward and Ward, LLC must notify MCC of "an offense which *may result* in a claim." (Doc. 48-17 p. 19 (emphasis supplied).) Under Georgia law, an insured cannot pick and choose what information it provides concerning potential, actual, or purported "occurrences," offenses, claims, or "suits." *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 231 S.E.2d 245, 249 (Ga. Ct. App. 1976). In fact, under Georgia law, an insured's belief that it was free from fault or that there was no liability is an insufficient basis to excuse a failure to provide notice as a matter of law. *Id; see Travelers Indem. Co. of Ct. v. Douglasville Dev., LLC*, No. 1:07-CV-0410JOF, 2008 WL 4372004, at*5 (N.D. Ga. Sept. 19, 2008) ("an insured may not independently determine whether 'an offense which may result in a claim' is covered or will ultimately result in a claim."). Thus, the very excuse proffered by Defendants, that Ward and Ward, LLC did not think they would be sued, cannot justify their failure to provide notice. *Id.* Without a legal justification, MCC is entitled to summary judgment that Ward and Ward, LLC failed to provide timely notice as a matter of law. *Richmond*, 231 S.E.2d at 250.

Furthermore, in *Maryland Casualty Co. v. Salon Avenue Suite 2*, No. 1:13-CV-3056-TWT, 2014 WL 4925623, at*3-4 (N.D. Ga. Sept. 29, 2014), Judge Thrash recently rejected a similar argument that insureds should not have been expected to provide notice to their insurer of an "occurrence" or "an offense which may result

in a claim" when police were called to the insured location to investigate the discovery of hidden cameras and subsequently arrested the owner for invasion of privacy offenses. The Court, relying on *Forshee v. Employers Mutual Casualty Co.*, 711 S.E.2d 28 (Ga. Ct. App. 2011) and *Brit UW Ltd. v. Hallister Prop. Dev., LLC*, 6 F. Supp. 3d 1321 (N.D. Ga. 2014), rejected the insureds' assertion that they were unaware that any civil claims could arise from the incident. *Id.* The Court, reasoned that the insureds' awareness of the police involvement as well as the subsequent changes to the insured business, including the departure of tenants and replacement of the owner as manager, all indicated that the insureds "knew or reasonably should have known that the [incident] '*may result* in a claim[,]'" thus triggering the duty to notify the insurer. *Id.* (emphasis supplied). Accordingly, Judge Thrash held that the insureds breached their duty to notify by waiting until they received a civil suit almost 8 months later. *Id.*

Garzon's attempt to distinguish *Maryland Casualty* is unavailing. First, Garzon's claim that MCC has not pointed to evidence that Ward or Ward, LLC had knowledge of the injury is patently untrue. Ward, who is a member and manager of Ward, LLC has sworn an affidavit that he was aware of the Notice Events, including the criminal case against him. (Doc. 48-3 ¶¶ 6-9.)

Second, as explained in *Maryland Casualty*, the range of events that might trig-

5

ger an insured's duty to notify fall within a spectrum, with events that amount to only slight circumstances, like *Forshee,* which do not give rise to a duty to notify an insurer, on one end and direct knowledge of or participation in harmful events, like *Brit UW*, which do give rise to a duty to notify an insurer, on the other.

In *Forshee*, the Georgia Court of Appeals held that a fact question existed concerning notice when an insured gas station owner who saw a woman fall on his property waited until suit was filed two years later to provide his insurer with notice. 711 S.E.2d 28. The Court found that the circumstances of the woman's alleged injury were too slight to trigger the insured's duty to notify because the evidence showed that the woman, who was unknown to the insured and his employees, had refused help after her fall and left without even entering the insured business. *Id.* at 30. Based on these facts, the Court could not say as a matter of law that the insured had a duty to provide notice of the fall alone, and the Court stated five factors to assist in determining whether a failure to give notice was reasonable, including (1) the nature of the event; (2) the extent to which it would appear that injuries resulted from the event; (3) the severity of the injuries; (4) whether anyone gave an indication that he intended to hold the insured responsible; and (5) whether the insured acknowledged the likelihood that a claim could arise, either by offering compensation or asking for a release. *Id.* at 30-33.

By contrast, in *Brit UW*, the Court held that an insured breached the duty to no-
tify as a matter of law when it waited nearly two years to provide notice of an acci-
dent when the insured's principals witnessed the accident, visited the injured party
in the hospital, and made changes to the injured party's residence to accommodate
his subsequent disability. *Id.* at 1325, 1329. Similar to this lawsuit, the insured's
principals attempted to justify the delay by asserting that they did not believe they
were liable for the accident and did not believe that a civil claim would result. *Id.*
at 1329-30. The Court, however, rejected the attempt, finding that the accident
triggered the duty to notify because "it [wa]s clear that [the] principals, like rea-
sonable people, were aware of the potential for liability arising from the [] accident
as soon as the accident occurred."[2] *Id.* at 1330.

Here, the circumstances surrounding the Medical Exam and the Notice Events
are almost identical to insured's knowledge at issue in *Maryland Casualty* and *Brit
UW* because Ward and Ward, LLC (through Ward) witnessed the allegedly harm-
ful events and, in fact, *participated in them*. (Doc. 48-3 ¶¶ 6-9; Doc. 48-4 ¶¶ 9-14;
Doc. 48-11.) Under these circumstances, the fact that Ward was questioned by the
police within two weeks of the Medical Exam is more than sufficient to show that

---

[2] Ward and Ward, LLC suggest that the nearly 2-year delay in providing notice is
irrelevant because MCC has not asserted that it was "negatively impacted." (Doc.
52 p. 10.) However, as also recognized by *Brit UW*, the concept of "prejudice" is
irrelevant to determining whether notice is untimely. 6 F. Supp. 3d at 1330.

the police investigation triggered Ward and Ward, LLC's duty to provide MCC with notice of Garzon's allegations. *See State Farm Mut. Auto. Ins. Co. v. Coleman*, 441 F.2d 329, 332 (5th Cir. 1971) (mere visit with police officer concerning incident sufficient to trigger duty to notify); (Doc. 48-3 ¶ 6; Doc. 48-5 pp. 26-28.) While Defendants attempt to minimize the importance of the law enforcement response, the importance of everything that followed, including the police investigation, the search warrant on Ward, LLC, Ward's arrest, and the criminal charges against him, cannot be overemphasized.[3] (Doc. 48-3 ¶¶ 7-9; Doc. 48-5 pp. 26-36; Doc. 48-6; Doc. 48-7; Doc. 48-8; Doc. 48-9; Doc. 48-10; Doc. 48-11; Doc. 48-12.) Simply, on and after May 24, 2011, Ward and Ward, LLC knew of Garzon's allegations. (Doc. 48-3 ¶ 6.) This alone obligated Ward and Ward, LLC to notify MCC of the Notice Events. *Md. Cas., supra.*

Further, the undisputed evidence shows that, similar to *Maryland Casualty*, Garzon's allegations were the impetus for significant changes for Ward and Ward, LLC. As early as May 31, 2011, Ward stated that he "plan[ned] to make some changes" or "corrections" to his exam procedures "to try to keep anything like this

---

[3] The statute of limitations on Garzon's claims was tolled until the resolution of the criminal charges against Ward in February 2013. O.C.G.A. § 9-3-99 (tolling the statute of limitations on a crime victim's tort claims for a period of up to six years until criminal prosecution becomes final or is terminated); (Doc. 48-3 ¶ 9; Doc. 48-11.) Thus, Garzon's wait of almost 2 years to file suit is meaningless.

from happening again." (Doc. 48-7.) Likewise, the July 12, 2012 Public Consent Order shows a litany of changes for Ward and Ward, LLC, including Ward's participation in an July 2011 physical/mental examination and an "Intensive Outpatient Treatment Program from March 12, 2012 to May 4, 2012." (Doc. 48-13 pp. 1-2.) Additionally, the Board placed Ward's medical license on probation subject to certain conditions, including restrictions on Ward's practice and participation in a variety of maintenance, supervision, and support programs. (*Id.* at pp. 2-10.)

In summary, Ward and Ward, LLC have failed to provide a legally sufficient justification for their over two (2) year delay in notifying MCC of the Notice Events. Georgia courts have routinely granted summary judgment to an insurer for breach of a notice provision in an insurance policy on facts virtually identical to the ones present here. Just as in *Maryland Casualty, Brit UW* and the other cases cited herein, MCC is entitled to summary judgment that Ward and Ward, LLC breached the notice condition in the Policy.

## B. Defendants Have Not Carried Their Burden Under The Insuring Agreement.

Regardless of whether Ward and Ward, LLC complied with the Policies' notice condition, which MCC denies, Defendants have failed to carry their burden to prove the Underlying Lawsuit falls within the Policy's insuring agreement, which applies to "bodily injury" caused by an "occurrence." (Doc. 48-17 pp. 13-14.)

While Defendants emphasize Garzon's assertion of negligence claims, their arguments ignore that under Georgia law there is no coverage for any claims involving sexual harassment, assault, and/or battery, including any related negligence claims alleged as a concurrent cause of harm because such claims are not caused by an "occurrence." (Doc. 48-1 pp. 17-18 (*citing SCI Liquidating Corp. v. Hartford Fire Ins. Co.*, 181 F.3d 1210 (11th Cir. 1999); *O'Dell v. St. Paul Fire & Marine Ins. Co.*, 478 S.E.2d 418 (Ga. Ct. App. 1996); *Presidential Hotel v. Canal Ins. Co.*, 373 S.E.2d 671 (Ga. Ct. App. 1988)).) So, for example, in both *SCI* and *O'Dell*, there was no coverage for claims of negligent supervision or hiring against employers when the employers were sued for bodily injury caused by an employee's or agent's sexual assault, battery, or harassment.

While Defendants focus on the negligence claims in the Underlying Complaint, Georgia courts have explicitly rejected Defendant's argument because "[t]he intent of the policy . . . controls coverage, not how artfully a claim is drafted to bring inclusion within the coverage language[.] Thus, the underlying facts and circumstances of the claim, rather than the theory of the claim, determine whether or not the [the terms of the policy apply.]" *Video Warehouse, Inc. v. S. Trust Ins. Co.*, 678 S.E.2d 484, 488 (Ga. Ct. App. 2009). Otherwise, by simply asserting a claim for negligence, every loss could conceivably be brought within coverage, regardless of

whether the loss was caused by harm covered under the policy. *Cont'l Cas. Co. v. H.S.I. Fin. Servs., Inc.*, 466 S.E.2d 4, 6 n.4 (Ga. 1996). That result would "impermissibly alter the plain meaning of the [policy]." *Id.*; *see Md. Cas. Co.*, 2014 WL 4925623 at*6 ("Plaintiffs cannot add extra claims to bring an otherwise excluded loss within the policy.")

Further, Garzon's assertion that MCC's concurrent cause of harm argument does not apply because *Continental* and *Jefferson Insurance Co. of New York v. Dunn*, 496 S.E.2d 696 (Ga. 1998) are limited to the specific exclusions they address is simply without merit. While both decisions applied exclusions to bar coverage, the key concept set forth by both is that a court evaluating whether there is coverage for a complaint asserting a variety of claims should look to see whether the claims "arise out of" conduct which would otherwise not be entitled to coverage. *Jefferson*; 496 S.E.2d at 698-99; *Cont'l*, 466 S.E.2d at 6. This interpretation of these decisions has been adopted by other decisions of the Northern District.

For instance, in *ApolloMD Physician Servs. Ga., LLC v. Travelers Indem. Co. of Am.*, No. 1:11-cv-03973-WSD, pp. 19-21 (N.D. Ga. Feb. 22, 2013) (Doc. 48-19), Judge Duffey applied *Continental* and *Jefferson* along with several other cases cited *supra* to hold that a similar "occurrence" based insuring agreement did not apply to claims of premises liability, negligent supervision, and professional negli-

gence against an employer based on allegations that a nurse had sexually assaulted patients because those claims "arose out of" intentional acts of a sexual nature.

Similarly, in *Maryland Casualty*, the Court applied *Continental* and *Jefferson* to hold that a policy's insuring agreement for personal and advertising injury did not apply to negligence and other claims "arising out of" alleged intentional acts of invasion of privacy. 2014 WL 4925623 at *6.

Here, despite Defendants' attempts to emphasize the claims and labels Garzon uses in the Underlying Lawsuit, Defendants cannot avoid the one basic fact regarding the Underlying Lawsuit—it all arises out of Ward's admitted intentional and criminal act of touching Garzon in a sexually inappropriate manner. (Doc. 48-3 ¶ 9; Doc. 48-4 ¶ 14; Doc. 48-11.) There can be no coverage for this sexual battery as a matter of law or any other related claim against Ward or Ward, LLC asserted as a concurrent cause of harm, regardless of the theory of recovery. *See SCI Liquidating*, *supra*; *O'Dell*, *supra*; *Presidential Hotel*, *supra*. Therefore, Defendants cannot carry their burden to prove that the Policy's insuring agreement applies, and MCC is entitled to summary judgment as a matter of law.

## D. The Expected or Intended Injury Exclusion Bars Coverage.

Even if the Underlying Lawsuit alleged an "occurrence," which MCC denies, there would still be no coverage under the Policy because the Expected or Intended

Injury Exclusion bars coverage. Ironically, Garzon attempts to distance herself from her own allegations by arguing that she did not allege anything resembling the child molestation case that MCC cited in its original brief. *See Roe v. State Farm Fire & Cas. Co.*, 373 S.E.2d 23 (Ga. Ct. App. 1988), *aff'd*, 376 S.E.2d 876 (Ga. 1989). However, Garzon is the master of her complaint, and should be held to the allegations set forth therein. Even a cursory reading of the complaint shows that Garzon was sexually battered during the Medical Exam. (Doc. 48-4 ¶¶ 9-14.) For the purposes of this lawsuit, it is immaterial whether Garzon was a child or Ward was prosecuted for "child molestation," as the case law that MCC cites un-ambiguously states that criminal, sexual acts and the resulting injuries are so close-ly related "as to be virtually inseparable." *See Roe*, 376 S.E.2d at 877; *see State Farm Fire & Cas. Co. v. Brewer*, No. 1:06-CV-2296-RWS, 2008 WL 450817, at*3 (N.D. Ga. Feb. 15, 2008) (sexual misconduct involving adult victim (*citing id.*)). Thus, the intentional acts exclusion bars coverage under the Policy.

## E. The Professional Services Exclusion Bars Coverage

While Defendants claim that the negligence and premises liability claims would survive the application of the Professional Services Exclusion, they have provided no authority for such a statement. Under Georgia law if there would not be any claims against an insured "but for" conduct excluded under the Policy then there is

13

no coverage for such claims. *See Cont'l*, 466 S.E.2d at 6 (negligence claim not covered because but for excluded conduct there would be no negligence claim); *Jefferson*, 496 S.E.2d at 698-99 (same). Defendants make no effort to explain why *Continental* and *Jefferson* do not apply to the Professional Services Exclusion.

Here, "but for," the Medical Exam there would be no negligence or premises liability claims against Ward and Ward, LLC. The entire basis for the negligence and premises liability claims is Ward's failure to properly perform the Medical Exam. If the Medical Exam had been properly performed, i.e., without sexually battering Garzon, there would be no basis to bring any of the negligence and premises liability claims. Defendants do not dispute that fact. Thus, under Georgia law, the Professional Services Exclusion applies to the negligence and premises liability claims as a matter of law. *See ApolloMD, supra* ("Services Exclusion" barred claims arising from allegations that a nurse sexually battered/assaulted patients).

## F. Ward Is Not Entitled To Coverage.

Even if Ward, LLC was otherwise entitled to coverage for the Underlying Lawsuit, which MCC denies, Defendants have failed to carry their burden to show that Ward is an insured under the Policy. It is undisputed that Ward was a member, manager, and employee of Ward, LLC, but what Defendants fail to appreciate is that Ward is only an insured under the Policy to extent he is sued with respect to

14

his duties as such. (Doc. 48-17 p. 18.)

Defendants do not provide any additional facts or law which potentially shows that Ward's acts of "intentionally using [Garzon's] body for his own sexual gratification" were taken with respect to his duties as a member, manager or employee of Ward, LLC. (Doc. 48-4 ¶¶ 44-46, 62, 64.)  In reality, there could be no such facts or law, as Garzon's allegations show that Ward's actions were only for his own interest and had no relation to his duties as a member, manager, or employee of Ward, LLC. Therefore, Ward is not an insured, and MCC is entitled to summary judgment that it has no duty to defend or indemnify Ward as a matter of law.

### III.    CONCLUSION

Defendants have failed to carry their burden to prove that they provided timely notice of the Notice Events. Further, Defendants have failed to carry their burden that they are entitled to coverage under the Policy's insuring agreements. Nonetheless, even if the insuring agreement applied, coverage would still be barred by the Expected or Intended Injury Exclusion and/or Professional Services Exclusion, and Defendants have failed to cite to any authority which holds to the contrary. Finally, Defendants have failed to carry their burden to show that Ward is an insured. Therefore, MCC is entitled to a judgment declaring that it has neither a duty to defend nor a duty to indemnify Ward and Ward, LLC for the Underlying Lawsuit.

Respectfully submitted this 17th day of December, 2014.

Weissman, Nowack, Curry & Wilco, PC      /s/Christopher C. Meeks
One Alliance Center, 4th Floor                    Seth M. Friedman
3500 Lenox Road                                          Georgia Bar No. 141501
Atlanta, Georgia 30326                               Christopher C. Meeks
(404) 926-4500                                           Georgia Bar No. 371020
(404) 926-4600 (Fax)                                 *Attorneys for Plaintiff*
sethfriedman@wncwlaw.com
christophermeeks@wncwlaw.com

16

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARYLAND CASUALTY          :
COMPANY,                   :
                           :
          Plaintiff,       :
                           :
v.                         :       CIVIL ACTION FILE
                           :       NO. 1:14-cv-00160-MHC
JACOB WARD, MD, LLC,       :
JACOB TUCKER WARD, MD and  :
AUDRA GARZON,              :
                           :
          Defendants.      :

## CERTIFICATE OF COMPLIANCE

Counsel certifies that this filing is prepared with Times New Roman 14-

point font in compliance with Local Rule 5.1.

This 17th day of December, 2014.

                              /s/Christopher C. Meeks
                              Christopher C. Meeks
                              Georgia Bar No. 371020
                              *Attorney for Plaintiff*

Weissman, Nowack, Curry & Wilco, PC
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
(404) 926-4600 (Fax)
christophermeeks@wncwlaw.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO MOTION FOR SUMMARY JUDGMENT with the Court using the CM/ECF system which will automatically send E-mail notification of such filing to the following attorney of record:

M. Paul Reynolds, Esq.
paul@houck-regas.com

Eric T. Johnson, P.C.
eric@etj-law.com

WEISSMAN, NOWACK,
CURRY & WILCO, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
(404) 926-4600 (Fax)
christophermeeks@wncwlaw.com

/s/Christopher C. Meeks
Christopher C. Meeks
Georgia Bar Number 371020
*Attorney for Plaintiff*